**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **HELEN DOWDY** § | |
| § | |
| *Plaintiff,* § | |
| § | |
| vs. § | |
| § | **CIVIL ACTION NO.:** |
| **TITAN FITNESS LLC, a/k/a TITAN** § | **JURY TRIAL DEMANDED** |
| **FITNESS, INC. d/b/a FITNESS** § | |
| **CONNECTION BAYTOWN** § | |
| § | |
| *Defendant.* § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION:

COMES NOW, TITAN FITNESS LLC a/k/a FITNESS CONNECTION, INC. d/b/a FITNESS CONNECTION BAYTOWN (hereinafter "Defendant") and files this its Notice of Removal, pursuant to 28 U.S.C. §§ 1441 and 1446, removing the above-captioned case to the United States District Court for the Southern District of Texas, Houston Division. The grounds for removal are as follows:

### I. PROCEDURAL REQUIREMENTS FOR REMOVAL

Upon filing of this Notice of Removal of the cause, Defendant gave written notice of the filing to Plaintiff and his counsel as required by law. A copy of this Notice is also being filed with the Clerk of the Court in Harris County, Texas, where this cause was originally filed. A copy of all processes, pleadings, and orders are attached hereto as EXHIBITS A-E.

This removal is timely filed, as it was filed within 30 days when Defendant was served through service or otherwise with Plaintiff's Original Petition on July 14, 2018.

## II. NATURE OF THE LAWSUIT

On June 29, 2018, Plaintiff Helen Dowdy commenced an action in the 151st Judicial District Court of Harris County, Texas, captioned "Cause No. 201843827; *Helen Dowdy v. Titan Fitness LLC a/k/a Fitness Connection, Inc. d/b/a Fitness Connection Baytown*." Plaintiff sought personal injury damages resulting from an incident that occurred on or about July 5, 2016 (the "Incident") at or near Fitness Connection Baytown which is located at 5035 Garth Road, Baytown, Texas 77251 in Harris County, Texas in which Plaintiff fell from a treadmill while exercising.[1]

The causes of actions claimed in Plaintiff's Original Petition are negligence against Defendant under a theory of premises liability for (a) failure to maintain the premises, including the treadmill, in a reasonably safe condition, (b) failing to maintain its workout equipment, (c) failing to inspect its equipment to determine if the treadmill was working properly, (d) failing to inspect the premises where the dangerous condition existed, (e) failure to inform Plaintiff of the dangerous condition existing on the premises, and (f) other acts deemed negligent. Plaintiff's Original Petition included a jury demand.

The state court action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action wherein the matter in controversy exceeds the sum or

---

[1] *See* Exhibit C: Plaintiff's Original Petition.

value of $75,000, exclusive of interest and costs, and diversity of citizenship exists between the properly joined parties.

### III. VENUE

This is a statutorily proper venue under the provisions of 28 U.S.C. § 1441(a) because this district and division embrace the county where the removed action was pending.

### IV. JURISDICTIONAL BASIS FOR REMOVAL

Pursuant to 28 U.S.C. § 1332(a)(1), federal district courts have original jurisdiction of civil actions in which the parties are citizens of different states, and the amount in controversy exceeds $75,000.

A. *Amount in Controversy Exceeds $75,000*

Here, it is facially apparent from Plaintiff's Original Petition that the damages in this suit are likely to exceed $75,000. In her Original Petition, Plaintiff claims that she was "seriously injured."[2] Plaintiff alleges she suffered damages as a result of the Incident, including past and future medical expenses; past and future physical pain and suffering; past and future mental anguish; past and future physical disfigurement; and pre-and post-judgment interest.[3]

In addition, Plaintiff's Original Petition seeks "monetary relief of not more than $125,000 including damages of any kind."[4] Under 28 U.S.C. §1446(c)(2), Plaintiff's demand for relief of not more than $125,000 shall be deemed the amount in controversy. Therefore, under its preponderance of the evidence standard, Defendant has established that it is facially apparent that the amount in controversy is likely to exceed $75,000.

---

[2] *See* Exhibit C at ¶ 12.
[3] *See id.* at ¶ 2.
[4] *Id.*

B.  *Diversity of Citizenship*

According to her Original Petition, Plaintiff Helen Dowdy is a resident of Harris County, Texas at the time suit was commenced.[5]

For purposes of diversity, the citizenship of an LLC is determined by the citizenship of all of its members.[6]

At the time of filing this action, the time of removal, and all times since, and currently, Titan Fitness LLC a/k/a Fitness Connection, Inc. d/b/a Fitness Connection Baytown's members are and were citizens of Virginia. Furthermore, Titan Fitness LLC a/k/a Fitness Connection, Inc. d/b/a Fitness Connection Baytown is a Virginia limited liability company with its principal place of business in Virginia.

Accordingly, there is complete diversity of citizenship between Plaintiff and the properly joined Defendant. *See* 28 U.S.C. §§ 1332, 1441.

The citizenship of the parties as alleged above existed at the time the underlying action was commenced and remain unchanged at the time of removal.

## V. CONSENT TO REMOVAL

All defendants who have been properly joined and served in the suit must join the notice of removal or consent to the removal.[7] In this case, Titan Fitness LLC a/k/a Fitness Connection, Inc. d/b/a Fitness Connection Baytown is the only named Defendant. Therefore no additional consent is required.

---

[5] *See id.* at ¶ 2.
[6] *Harvey v. Grey Wolf Drilling*, 542 F.3d 1077, 1080-81 (5th Cir. 2008).
[7] 28 U.S.C. §1446(b)(2)(A).

## VI. Conclusion

Defendant has established, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. Additionally, Defendant has established that diversity of citizenship exists between the properly joined parties in this case. Therefore, the Court should find that removal was proper in this case.

WHEREFORE, Titan Fitness LLC a/k/a Fitness Connection, Inc. d/b/a Fitness Connection Baytown pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C.A. §1446, removes this action for trial from the 151st Judicial District Court of Harris County, Texas, be removed therefrom to this Honorable Court to this Court.

Respectfully submitted,

**BUSH & RAMIREZ, PLLC**

By: */s/ J. Taylor Elliott*_____
Patrick N. Smith
SBN:  00797458
FBN: 21740
Psmith.atty@bushramirez.com
J. Taylor Elliott
SBN: 24097652
FBN: 2782986
telliott.atty@bushramirez.com
5615 Kirby Drive, Suite 900
Houston, Texas 77005
Phone: (713) 626-1555
Fax: (713) 622-8077
**ATTORNEYS FOR DEFENDANT TITAN FITNESS LLC A/K/A FITNESS CONNECTION, INC. D/B/A FITNESS CONNECTION BAYTOWN**

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the foregoing instrument has been sent to all interested counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this 7 TH day of August, 2018.

                                  */s/ J. Taylor Elliott*_____
                                  Patrick N. Smith
                                  J. Taylor Elliott